KATHERINE GREER GARNER, AS EXECUTRIX OF THE LAST
WILL AND TESTAMENT OF CHARLES EDWIN GARNER,
DECEASED, *Appellant,* v. HARRIETT KRAEER GARNER, AS
ADMINISTRATRIX OF THE ESTATE OF CHARLES EDWIN
GARNER, JR., DECEASED, *Appellee.*

Opinion Filed December 12, 1922.

· Petition for rehearing denied January 19, 1923.

The executrix of the will of G. Sr., not being the administratrix
    of G. Jr., has no authority merely as such executrix to use
    as a set off against a legacy from G. Sr. to G. Jr., either
    funeral expenses of G. Jr. paid by the executrix of G. Sr. or
    a contract indebtedness on account of a mortgage assumed
    by G. Jr. not involving the estate of G. Sr.

· An Appeal from the Circuit Court for Duval County;
Daniel A. Simmons, Judge.

Affirmed.

*George M. Powell,* for Appellant;

*W. M. Toomer* and *Stanton Walker,* for Appellee.

WHITFIELD, J.—It appears that Charles Edwin Garner
died in Duval County, Florida, April 23, 1915; that his
widow Katherine Greer Garner became sole executrix of
the last will and testament of the decedent; that by the will
Charles Edwin Garner, the son of the decedent was given
a legacy of $10,000.00; that Charles Edwin Garner, Jr.,
died intestate July 4, 1916, leaving a widow, Harriett
Kraeer Garner, who became administratrix of her hus-
band's estate; that on May 13, 1917, Harriett Kraeer Gar-

ner as administratrix of the estate of C. E. Garner, Jr., filed a petition before the County Judge praying that the executrix of C. E. Garner, Sr., be required to file a full and correct account of the receipts and expenditures of the estate of C. E. Garner, Sr., and whether the legacy of $10,000.00 to C. E. Garner, Jr., had been paid; that an order was made by the County Judge requiring the executrix of the will of C. E. Garner, Sr., to make report by May 21, 1917; that reports were made and exceptions thereto were filed; that exceptions were sustained, and on November 16, 1917, a restatement of the account was ordered to be made in accordance with the decree; that an amended account was filed and exceptions thereto were sustained April 15, 1919; that a further account was filed showing that $8,170.00 of the $10,000.00 legacy had been paid to C. E. Garner, Jr., in his life-time; that on September 15, 1919, the County Judge ordered "that said account and the disbursements therein stated and shown, be and are hereby approved and allowed. It is further ordered that the executrix pay and distribute the remaining assets and property of said estate among the parties entitled thereto under the terms of the last will and testament filed herein, and that upon such distribution being made, and vouchers therefor filed herein, the said Katherine Greer Garner be and stand discharged as executrix of said estate of Charles Edwin Garner, deceased;" that on January 21, 1920, a petition for rule to show cause why the legacy had not been paid was filed, to which a demurrer was filed and overruled on April 15, 1920; that an answer to the rule was filed April 30, 1920; that a motion to strike portions of the answer was made on June 24, 1920; that on July 19, 1920, the County Judge ordered that "This cause comes on for hearing upon the answer of the Executrix to the rule to show cause why she should not be compelled to pay

the balance due upon the legacy to Charles E. Garner, Jr., and the motion to strike certain portions of such answer.

"The record of this cause discloses that the will was probated and letters testamentary issued May 10th, 1915; that notice to creditors was published May 15th, 1915; that notice of application for settlement of the estate and discharge of the Executrix was published the 23rd day of December, 1916, ending June 23rd, 1917. The estate should have been settled on this latter date. The time for presentation of claims against the estate had elapsed. The record shows that the estate had abundant funds to pay the legacies and it was not shown that any suits against the estate were pending or that any claim existed which rendered it necessary or expedient to continue the administration. The only reason for continuing this administration, alleged in any report or account filed herein, and in the answer to the rule to show cause is the claim of set off against the legacy to C. E. Garner, Jr. These claims have been heard and rejected. The claim of set off on account of payment of the funeral expenses was fully considered, after the taking of testimony with regard thereto. The claim of set off on account of the assumption by C. E. Garner, Jr., of the payment of certain notes and mortgages has also been considered and rejected, and of this claim it may now be said that it is without merit upon the showing made by the Executrix. The assumption of these notes and mortgages does not constitute such a debt or claim that can be set off against a legacy. It was not a debt existing at the time of the death of the testator, nor was it an advance made by the Executrix in any necessary administration of trust property. The order entered herein September 15th, 1919, was properly made, and should have been promptly obeyed to the extent of paying the balance due on the legacy to Charles E. Garner, Jr., which it appears was the

only outstanding claim against the estate. The Executrix in this case takes under the residuary clause of the will, and she may take a final order of discharge or not as she pleases, but in all other respects she must settle the estate.

"The legacy in question should have been paid in full at the expiration of two years from the first publication of notice to creditors and the legatee is entitled to interest compounded annually from such date. The Court finds the amount now due on account of the legacy to be $2,339.07. The Executrix will be allowed until the 29th day of July, 1920, to pay this amount.

"Upon consideration of this whole matter, it is ordered, adjudged and decreed, that the Executrix, Katherine Greer Garner, do, on or before the 29th day of July, 1920, pay to Harriet Kraeer Garner, as Administratrix of the estate of Charles E. Garner, Jr., deceased, the sum of $2,399.07 (Two Thousand, three hundred thirty-nine and .07/100 Dollars) in full settlement of the legacy to Charles E. Garner, Jr., and that in default of such payment being made attachment issued to enforce compliance with this decree;" that a motion made by Katherine G. Garner to set aside the order for final distribution of the estate made September 15, 1919, was denied July 27, 1920; that on August 6, 1920, the following entry of appeal was filed:

"Comes now Katherine Greer Garner, as Executrix of the last will and testament of the said Charles E. Garner, Sr., deceased, by George M. Powell, her attorney, and enters her appeal from the order of the County Judge of Duval County, Florida, made and dated the 19th day of July, 1920, in the above entitled cause, and files this her written notice of appeal from said order and said court to the Circuit Court of the Fourth Judicial Circuit of the State of Florida, in and for said Duval County; and hereby

makes the said appeal returnable before the said Circuit Court on to-wit: the 1st day of November, 1920."

The errors assigned were (1) overruling the demurrer to the rule on April 15, 1920; (2) granting the motion to strike portions of the answer to the rule; (3) the order for distribution made July 19, 1920; (4) refusing to set aside the order of July 19, 1920; (5) making the order of September 15, 1919; (6) refusing to set aside the order of September 15, 1919.

The Circuit Court affirmed the order appealed from. On appeal to this court the order of affirmance is assigned as error.

Even if on the appeal which is taken solely from the order of the county judge dated July 19, 1920, the errors assigned on previous orders not appealed from may be considered upon the theory that except the latter portions of the order, the provisions of the order appealed from are not merely statements of prior adjudications not appealed from, but are substantive rulings as to matters claimed but not allowed in the accounts of the executrix, such rulings apparently accord with the law as applicable to the facts in evidence. The executrix of the will of C. E. Garner, Sr., was not the administratrix of the estate of C. E. Garner, Jr., and she showed no authority to use as a setoff against the legacy of C. E. Garner, Jr., either the funeral expenses of the latter asserted to have been paid by the executrix of the will of C. E. Garner, Sr., or the contract indebtedness asserted on account of a mortgage indebtedness alleged to have been assumed by C. E. Garner, Jr. These matters are stated in the order

of July 19, 1920, though they had been previously adjudicated and no appeals were taken from such orders.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.